UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SALLY A. RANDALL, <br> RONA C. PEPMEIER, <br> Individually and on behalf of all others <br> similarly situated, <br><br>               Plaintiffs, <br><br>      *vs.* <br><br> ROLLS-ROYCE CORPORATION, <br> ROLLS-ROYCE NORTH AMERICA, INC., <br> ROLLS-ROYCE NORTH AMERICA <br> HOLDINGS, INC., and <br> ROLLS-ROYCE NORTH AMERICA <br> (USA) HOLDINGS CO., <br><br>               Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Cause No.: 1:06-cv-0860-SEB-JMS <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**BRIEF IN SUPPORT OF**
**PLAINTIFFS' MOTION TO COMPEL**
**DEFENDANTS' RESPONSES TO DISCOVERY**

## I. Introduction

Pursuant to Local Rule 7.1 of the U.S. District Court for the Southern District of Indiana, Plaintiffs Sally Randall and Rona Pepmeier ("Plaintiffs"), by counsel, hereby submit this Brief in Support of Plaintiffs' Motion to Compel Defendants' Responses to Discovery. In a separate Motion in which Plaintiffs set forth the relevant factual background, Plaintiffs have moved the Court to compel Defendants Rolls Royce Corporation, Rolls-Royce North America, Inc., Rolls-Royce North America Holdings, Inc. and Rolls-Royce North America (USA) Holdings Co. (collectively "Rolls-Royce") to provide full and complete responses to "Plaintiffs' First Request for Production of Documents" ("Discovery Requests").[1]

---

[1] *See* Exhibit A to Plaintiffs' Second Motion to Compel Defendants' Responses to Discovery filed contemporaneously herewith.

## II. Legal Discussion

### A. *Legal Standard in Discovery*

Relevancy, for purposes of discovery, is construed broadly. *See Mfg. Direct, LLC v. DirectBuy, Inc.*, 2007 WL 196382 *2 (N.D.Ind. February 12, 2007); *Chavez v. DaimlerChrysler Corp.*, 206 FRD 615, 619 (S.D.Ind. 2002); *Tomanovich v. Glen*, 2002 WL 1858795 (S.D. Ind. 2002). Federal Rule of Civil Procedure 26(b)(1) provides that parties may obtain discovery regarding any non-privileged matter that is relevant to the subject matter involved in the action. Further, "the information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

Additionally, Rule 26(e)(1) imposes a duty on parties to supplement discovery disclosures if the party learns that the information disclosed is *incomplete* or incorrect and the additional or corrective information has not otherwise been made known to the other party during the discovery process or in writing. *See e.g. Coleman v. Keebler*, 997 F.Supp. 1102 (N.D. Ind. 1998). Thus, "[t]he obligation to supplement disclosures and discovery responses applies whenever a party learns that its prior disclosures or responses are in some material respect incomplete or incorrect." *Id.* at 1107.

### B. *Legal Standard in Motions to Compel*

Given the broad and liberal construction of the federal discovery rules, when a party refuses to conform to discovery requests, the burden is on the party resisting discovery to clarify and explain precisely why the objections are proper. *Zenith Electronics Corp. v. Exzec, Inc.*, 1998 WL 9181 at *8 (N.D. Ill. 1998). The court will only limit discovery if it determines that the discovery sought is unreasonably cumulative or duplicative or is obtainable from another less expensive source. *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002). Thus, where the requested information sought is relevant, not cumulative, and not available from

another source, the Court may apply the discovery standards set forth in Federal Rule of Civil Procedure 26(b) and compel the discovery.

### III. Rolls-Royce's Deficient Responses to Discovery

Plaintiffs seek to compel the production of the following requested information:

1. Comparator information for Steve Fromneck, Jim Gridley, Doug Hottman, Andy Cosner, Jim Skinner and Brad Bartheld as requested in Request Nos. 2, 3, 4, 10, 21, 22, 23, 24, 25, 50, and 51;

2. Supplementation of certain critical spreadsheets through the close of discovery on February 29, 2008 as required by Fed.R.Civ.P. 26(e);

3. Broader scope of data relating to work histories as sought in Request Nos. 27, 28, 30, 35 and 40[2]; and

4. Systemic Compensation Analyses for 2006 and 2007.

#### A. Plaintiffs' Request Nos. 2, 3, 4, 10, 21, 22, 23, 24, 25, 50, 51

Plaintiffs requested that Rolls-Royce produce the documents for the following individuals who Ms. Pepmeier and Ms. Randall identified in their depositions as comparators and which were requested by Plaintiffs in Request Nos. 2, 3, 4, 10, 21, 22, 23, 24, 25, 50, and 51:

   a. Steve Fromneck
   b. Jim Gridley
   c. Doug Hottman
   d. Andy Cosner
   e. Jim Skinner
   f. Brad Bartheld

Although Rolls-Royce supplemented its discovery responses on April 7, 2008 and May 13, 2008 to include documents relating to Russ Vogel, Lee Fromson and Tom Whitmore, it has not produced the requested documents and information for Steve Fromneck, Jim Gridley, Doug Hottman, Andy

---

[2] In addition, once Plaintiffs' expert has been able to thoroughly review and analyze the data provided by Rolls-Royce, he may have additional questions and requests for information that arise. At this time, he has identified the scope of the work histories as being deficient.

3

Cosner, Jim Skinner and Brad Bartheld[3]. Rolls-Royce does not claim that these individuals are not comparators but argues that they worked with one of the Plaintiffs during a time period that falls outside one of the applicable statutes of limitations.

As Plaintiffs have pointed out, discovery is not limited solely to documents that fall within the statute of limitations, and discriminatory conduct that pre-dates the liability period may serve as relevant background evidence for timely discrimination claims. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002); *Coates v. Johnson & Johnson*, 756 F.2d 524, 540 (7th Cir. 1985). Recent U.S. Supreme Court timeliness decisions do not change this rule nor do these recent decisions even apply to pattern and practice cases, such as this one. *Morgan*, 536 U.S. at 115 n.9. The Supreme Court's recent decision in *Ledbetter v. Goodyear Tire & Rubber* likewise does not affect the use of pre-liability data in this case. Ledbetter, an individual pay discrimination case that did not rely on a pattern and practice theory, followed *Morgan* and related cases, when it held that discrete unlawful practices must be reported to the EEOC within a requisite number of days after they occur. *Ledbetter v. Goodyear Tire & Rubber Co.*, 127 S. Ct. 2162, 2169 (2007). Unlike the *Ledbetter* plaintiff, who was unable to identify a discrete act of discrimination during the 300 days prior to her EEOC complaint, the Plaintiffs here filed timely charges of discrimination. They also timely reported to the EEOC class-wide violations that occurred within the liability period. Thus, Rolls-Royce's strict interpretation of the applicable time period in this case is misplaced.

Plaintiffs are entitled to requested discovery if there is any possibility that the information sought may be relevant to the subject matter of the action. *See e.g. Hagenbuch v. 3B6 Sistemi Elettronici Industriali S.R.L.*, 2006 WL 665005 at *3 (N.D. Ill. 2006); *Ray v. State Farm Mut. Auto Ins. Co.* 2008 WL 314424 at *1 (S.D. Ind. 2008). Here, because the comparator information Plaintiffs requested is clearly relevant to Plaintiffs' individual and class claims of gender

---

[3] *See* Exhibit B attached to Plaintiffs' Statement of Compliance with Local Rule 37.1.

discrimination, it is discoverable and Rolls-Royce has a duty to provide the relevant information that Plaintiffs requested.

### B. Supplementation of Certain Discovery Documents

Rolls-Royce has also refused to supplement its discovery responses to include documents and information until the date discovery closed on February 29, 2008. Rolls-Royce somehow contends that Plaintiffs' request for supplementation is an entirely new request by Plaintiffs[4]. However, a party remains under a duty to supplement discovery responses during the pendency of an action as provided in Fed.R.Civ.P. 26(e). Plaintiffs' Discovery Requests asked for information "to the present" and Rolls-Royce remains under a duty to supplement the requested documents and information. Since discovery did not close until February 28, 2008, at a minimum, Rolls-Royce should supplement its responses to Plaintiffs' Discovery Requests through that date. In an effort to compromise with Rolls-Royce on this issue, Plaintiffs requested that Rolls-Royce supplement information included in the following spreadsheets through February 28, 2008.

```
DEF1    00031745
        00031746
        00031747
        00031748
        00031749
        00034195
        00034198
        00035197
        00035198
        00035199
```

Rolls-Royce refused and has not complied with its duty to supplement discovery as contemplated by the Federal Rules of Civil Procedure. At a minimum, Rolls-Royce should be required to

---

[4] *See* Exhibits B and D attached to Plaintiffs' Statement of Compliance with Local Rule 37.1.

supplement its discovery responses as to the foregoing spreadsheets through February 29, 2008, the date discovery closed in this matter, as required by Fed.R.Civ.P. 26(e).

### C. Plaintiffs' Request Nos. 27, 28, 30, 35 and 40

Plaintiffs identified deficiencies in Rolls-Royce responses to Request Nos. 27, 28, 30, 35 and 40, and requested that Rolls-Royce provide applicant flow data for each job opening since 2000 for jobs in pay grades 70 and above. Specifically, Plaintiffs requested the date of any job openings, a complete list of employee IDs who applied for the position, the gender of the applicants and who was selected for the position[5]. Plaintiffs agreed to narrow the scope of this Request to pay grades 71 and higher for the period January 1, 2003 to February 28, 2008[6]. Rolls-Royce previously produced documents for pay grades 71 and higher and for the period January 1, 2003 to April 30, 2007. When it provided information responsive to this Request, however, Rolls-Royce only provided the requested information for the period May 26, 2004 to February 28, 2008 and for the salary grades of the named Plaintiffs, which appears to be pay grades 73A and higher[7]. Rolls-Royce needs to provide the requested data for the same period covered by its other documents or the results of Plaintiffs' analyses will be skewed and inconsistent. Rolls-Royce has provided no explanation for this discrepancy in its production and should be required to supplement its document production to encompass the time period of January 1, 2003 to February 28, 2008 for pay grades 71 and higher.

### D. 2006 and 2007 Systemic Compensation Analyses

Rolls-Royce has also refused to produce the Systemic Compensation Analyses for the years 2006 and 2007. Rolls-Royce claims that these documents are protected from disclosure under the attorney-client privilege, despite this Court's ruling on April 15, 2008 regarding the

---

[5] *See* Exhibit A attached to Plaintiffs' Statement of Compliance with Local Rule 37.1.
[6] *See* Exhibit C attached to Plaintiffs' Statement of Compliance with Local Rule 37.1.
[7] *See* Exhibit D attached to Plaintiffs' Statement of Compliance with Local Rule 37.1.

2005 Systemic Compensation Analysis. At that time, the Court held: "Defendants have not met the burden required to establish that the documents are protected by the attorney-client privilege."[8] The Court's holding that Rolls-Royce did not even meet its burden of showing that the documents are attorney-client privileged means that the documents, and others like them, are discoverable. "The mere assertion of a privilege is not enough; instead, a party that seeks to invoke the attorney-client privilege has the burden of establishing all of its essential elements." *United States v. BDO Seidman*, 337 F.3d 802, 811 (7th Cir. 2003). *See also In re Grand Jury Proceedings (Thullen),* 220 F.3d 568, 571 (7th Cir.2000); *United States v. Evans,* 113 F.3d 1457, 1461 (7th Cir.1997).

Moreover, Rolls-Royce has failed to even properly assert the privilege. On February 29, 2008, Rolls-Royce for the first time prepared a privilege log which it filed with the Court as Exhibit B to Rolls-Royce's Reply in Support of its Motion to Compel the Return of Documents. That privilege log, however, did not list any other Systemic Compensation Analyses. Therefore, Rolls-Royce has not properly asserted the attorney-client privilege to these additional 2006 and 2007 Systemic Compensation Analyses that have not been produced. Rolls-Royce should be required to produce the Systemic Compensation Analyses for 2006 and 2007, because it has not met its burden of showing that these documents are protected from disclosure by the attorney-client privilege.

## IV. Conclusion

Despite the quantity of documents produced by Rolls-Royce, some deficiencies in its production of documents remain. This Court should therefore compel Rolls Royce to fully and completely respond to the Discovery Requests as set forth above and order all other just and proper relief.

---

[8] *See* ECF Dkt No. 95.

7

                        Respectfully submitted,

                        s/Sandra L. Blevins_____
                        Kevin W. Betz
                        Sandra L. Blevins
                        Attorneys for the Plaintiffs

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically on the 2nd day of September, 2008. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                R. Anthony Prather
                Hannesson I. Murphy
                BARNES AND THORNBURG
                11 South Meridian Street
                Indianapolis, IN 46204
                Email: tony.prather@btlaw.com
                            hmurphy@btlaw.com

                              s/Sandra L. Blevins_____
                              Sandra L. Blevins

BETZ & ASSOCIATES
One Indiana Square
Suite 1660
Indianapolis, Indiana 46204
Office: (317) 687-2222
Fax: (317) 687-2221
E-mail: litigation@betzadvocates.com