UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SALLY A. RANDALL and RONA C. PEPMEIER, Individually and on behalf of all others similarly situated,<br>　　　　Plaintiffs,<br><br>　vs.<br><br>ROLLS-ROYCE CORPORATION, ROLLS-ROYCE NORTH AMERICA, INC., ROLLS-ROYCE NORTH AMERICA HOLDINGS, INC., and ROLLS-ROYCE NORTH AMERICA (USA) HOLDINGS CO.,<br>　　　　Defendants. | 1:06-cv-860-SEB-JMS |

**ORDER ON PENDING MOTIONS**

On March 12, 2010, we denied Plaintiffs' Motion for Class Certification, finding that they had failed to establish an entitlement to Rule 23 class certification. Plaintiffs have now filed a motion asking that we reconsider that decision. They also have filed a motion seeking a stay of any dispositive rulings and a tolling of the statute of limitations for those who were members of the putative class during the time the Motion to Reconsider is under advisement and while an appeal of the class certification decision is pursued under Fed.R.Civ. P. 23(f). In another motion, two proposed intervenors have asked us to approve their belated addition as Plaintiffs. For the reasons explained in this entry, we deny each of these motions.

### *Motion To Reconsider*

Other than citing a relatively minor oversight by the Court regarding the qualifications and adequacy of one of their counsel, Plaintiffs' reconsideration request consists of nothing more than arguments they advanced in their initial briefing of class certification motion. We reiterate, in summary fashion, the reasons for our earlier decision, which conclusions remain unaltered by the arguments set out in the pending motion:

> **Commonality** - Plaintiffs contend that the manner in which Defendant set the annual base salary for each of the members of the putative class was a discriminatory practice. Plaintiffs base their claim on the fact that, in setting compensation levels, Defendant would carry forward an employee's prior year's base salary and use it as the starting point for the ensuing year's base salary. Plaintiffs maintain that this practice had a discriminatory effect on each member of the putative class by perpetuating the women's prior disparately low salaries. Because all of the putative plaintiffs were treated similarly in this respect, there is the requisite factual commonality among them.
>
> In considering this approach, we concluded that it fails as evidence of discrimination because the policy, without more, of carrying forward the prior year's salary in setting the next year's base salary was, in fact, only one of the determinants of compensation levels. In addition, yearly percentage based increases to base salary were not uniform among employees and the discretion to set compensation levels was entrusted to literally hundreds of individual supervisors.
>
> Plaintiffs' proffered expert who opined that this method by itself of setting base salaries constituted gender bias dating back to the very beginning of the employment time period for which class certification was sought was and is simply unpersuasive. By characterizing the "carry forward" procedure as the definitive compensation policy without taking into account the particular job held by the employee and the other compensation setting factors relied upon by management and supervisory employees in setting compensation levels for their underlings is plainly untenable. Our rejection of Plaintiffs' theory is reinforced by the varied

assertions of various female employees, as set out in the affidavits submitted by Plaintiffs ostensibly in support of class certification, explaining the bases of their respective beliefs as to how and why they were subjected to discrimination by Defendant, most of which had little or no connection to the base salary "carry forward" methodology utilized by Defendant in computing individual employee salary levels.

When all the many and varied factors applied by Defendant in setting salary levels for particular employees are properly taken into account, it is clear there is no commonality either among the factors informing this decision or among the putative class of plaintiffs effected by this approach.

**Typicality** – The claims of the two named plaintiffs, Ms. Randall and Ms. Pepmeier, actually differ from each other: Ms. Randall brings a failure to promote claim while Ms. Pepmeier asserts a claim based on her exclusion from an executive bonus program due to retaliation in response to her complaints of gender-based discrimination as well as a claim for failure to promote.  However, both were so high on the salary schedule (Level 74 or higher) and in the management hierarchy with Defendant that their claims could never be viewed as typical of the majority of the putative class members whose positions were at the low end of those scales.  Further, the affidavits submitted by employees operating at the 70-72 salary levels include allegations of unfair performance evaluations, discriminatory merit raises and placement in PIP programs.  The evidence suggests that Ms. Randall and/or Ms. Pepmeir likely participated in at least some of these allegedly discriminatory decisions while acting in their supervisory capacities, a factor which we discussed more fully in conjunction with the "adequacy" analysis under Rule 23.  Finally, we noted that Defendant's expert's analysis was far more compelling than that proffered by Plaintiffs' expert.

**Adequacy** – We noted in determining that the named plaintiffs would not satisfy the requirement of being adequate representatives of the class our concern that each (Ms. Randall and Ms. Pepmeier) held a position as a high level supervisor whose responsibilities included decision-making as to annual salary levels and overall compensation for literally hundreds of employees beneath them in the employment hierarchy.  The likelihood of conflicts developing between their roles as plaintiffs in seeking redress for discrimination by the Defendant on the one hand and as representatives of the Defendant in defending their employment decisions on the other hand is obvious.   We also noted our concern over the faltering pace at which this case has been litigated to date, casting serious doubts over the ability and adequacy of plaintiffs' counsel in managing the interests of the plaintiff class.

We concede that Plaintiffs have discovered an inadvertent omission in our review of the record with respect to the qualifications of newly substituted counsel, David Sanford of the Sanford, Wittels & Heisler firm. In examining the issue of counsel's competency following the initial briefing, we directed our attention to the submissions which were attached to Plaintiffs' Motion to Certify Class and consequently failed to notice Mr. Sanford's "Statement of Adequacy," submitted with the reply brief after a shuffling of counsel. Acknowledging Mr. Sanford's qualifications, however, does not entirely overcome our concerns relating to the limited resources that have been devoted to prosecuting this case to date, nor does it assuage our worries over the sufficiency of resources that will be committed to the future prosecution of this lawsuit. Were we to rely only on the competency of counsel in assessing the "adequacy" requirement of Fed.R.Civ.P. 23(a), we likely would conclude that Plaintiffs' burden has now been met. However, our examination necessarily includes not only counsel's competence but the manner in which the case has been managed to date, along with the adequacy of the proposed class representatives. *See Culver v. City of Milwaukee*, 277 F.3d 908, 913 (7th Cir.2002); *Davidson v. Citizens Gas & Coke Utility,* 238 F.R.D. 225, 231 (S.D.Ind. 2006).

In our prior order, we expressed concern over whether one of Plaintiff's more experienced attorneys, Thomas Henderson, would continue his representation in light of the departure of the firm with which he had an "of-counsel" relationship. In their Motion to Reconsider, Plaintiffs suggest this concern regarding Mr. Henderson's participation

was without any foundation.  We disagree with Plaintffs' criticism in that regard.  Our concern as to whether attorney Thomas Henderson would continue to work on the case was prompted by the references to his "of-counsel" relationship (which he mentioned <u>twice</u> in his supporting declaration) with the more highly experienced law firm, which had just withdrawn from continued representation of the Plaintiffs due to irreconcilable differences with the lesser experienced local counsel.  Local counsel has been in the "driver's seat" throughout the case, and has set, at best, a plodding pace.  Naturally, we assumed Mr. Henderson would not withdraw his appearance without alerting the Court of his intention to do so and obtaining our permission, but it would not have been altogether surprising, under the circumstances of this case, if he had chosen to follow the lead of the firm with whom he maintains an "of counsel" relationship.  The suggestion that the undersigned judge somehow should have known of Mr. Henderson's commitment to continued participation based on the fact that he attended a settlement conference conducted by the Magistrate Judge is both unrealistic and naive in its assumption that any judge maintains such a knowledge of docket minutiae in a particular case, particularly without some specific need to do so or a prompt from counsel.

In short, Plaintiffs have offered nothing to convince the Court that the decision denying class certification was made in error.  Each of the Plaintiffs and putative class members who submitted supporting affidavits no doubt shares a conviction that she was paid less than men holding similar positions with Defendant, but their explanations

reflecting their individual circumstances differ so widely and so significantly that they defy a combined collective approach. We therefore DENY the Motion for Reconsideration.

### *Motion To Intervene*

Two employees of Rolls-Royce, Barbara Jones and Karen Grovenor, are represented by the same counsel as are representing the Plaintiffs and in belated filings now seek the Court's permission to join this lawsuit as named plaintiffs. They contend that they should be allowed to intervene as additional class representatives in an effort to cure the deficiencies found with the class certification request. Alternatively, they claim they should be allowed to intervene for purposes of joining in the appeal of the denial of class certification.

Rule 24 of the Federal Rules of Civil Procedure guides our analysis of intervention issues. That rules provides that intervention may occur as a matter of right or pursuant to an exercise of judicial discretion. Fed.R.Civ.P. 24(a), (b). To be entitled to intervene as of right, intervenors must show that: (1) their motion is timely; (2) they possesses an interest related to the subject matter of the litigation; (3) that disposition of the action threatens to impair their interest; and (4) that the existing parties fail to represent their interest adequately. *U.S. v. BDO Seidman,* 337 F.3d 802, 808 (7th Cir. 2003). Permissive intervenors must convince a court that: (1) they share a common

question of law or fact with a party, (2) are timely in their pursuit of intervention; and (3) their intervention would not cause prejudice to existing parties. *Heartwood, Inc. V. U.S. Forest Service, Inc.,* 316 F.3d 694, 701 (7th Cir. 2003).

It is clear that Ms. Jones and Ms. Grovenor have an interest in the subject matter of this litigation as both claim to have suffered from gender discrimination by Rolls-Royce and, had a class been certified, both would have been members. Nonetheless, Ms. Jones's and Ms. Grovenor's efforts to join as name plaintiffs would be more promising if they had pursued their goal prior to the decision having been made on the class certification motion. We assume they were aware of this litigation prior to the date of that ruling, given that both signed and submitted affidavits in February 2009, more than a year before the certification motion was decided. We know their counsel was certainly aware of developments at each stage of the case as they occurred, even seeking and receiving several deadline extensions for filing the certification motion, extensions which, as we have previously noted, significantly delayed the progress of this matter and lengthened the time during which these Plaintiffs could have sought to intervene. The class certification motion was denied on March 12, 2010, a decision we have now affirmed here today on the motion to reconsider. The Court should not be required to revisit these issues yet again simply because Ms. Jones and Ms. Grovenor delayed their requests to join the fray.

The situation before the Court is not at all like the situation in the cases cited by the putative intervenors as support for their motion. Ms. Randall and Ms. Pepmeier have

indicated in clear terms that they intend to pursue an interlocutory appeal of our denial of class certification, pursuant to Fed.R.Civ.P 23(f). That is not the situation the court faced in *Romasanta v. United Airlines, Inc.,* 537 F.2d 915 (7th Cir. 1976), where the putative intervenors sought to become involved in the litigation only <u>after</u> it became clear to them that the named plaintiffs were not going to appeal the denial of class certification. *Id.* at 917. Similarly, we have not been asked to approve a class settlement, which might give rise to a need to allow the intervention of unnamed class members who object to the terms of the settlement and wish to pursue an appeal, as was the case in *Crawford v. Equifax Payment Services, Inc.*, 201 F.3d 877 (7th Cir. 2000) and *Uhl v. Thoroughbred Technology and Telecommunications, Inc.,* 2001 WL 987840 (S.D.Ind. 2001). And, in *Shields v. Washington Bancorporation,* 1992 WL 88004 (D.D.C. 1992), that court denied class certification because of the inadequacy of the named plaintiff, and thus welcomed intervention by new plaintiffs, having determined that a class action was the best way in which to resolve the dispute, an opinion which we do not share with regard to the controversy before us.

In the end, the best that can be said with respect to the motion to intervene filed by Ms. Jones and Ms. Grovenor is that it is premature. The delay and prejudice to Rolls-Royce resulting from reopening discovery, which has been closed for two years, and revisiting issues previously addressed and resolved could not be overcome or ameliorated unless for some reason the current plaintiffs decide to abandon this litigation altogether,

including foregoing an appeal of the class certification issue. We have been informed that an appeal will be taken. And, in any event, the denial of class certification does not prevent Ms. Jones and Ms. Grovenor from pursuing their claims through the filing of their own individual charges with the EEOC (which apparently they have already done) and, if the agency is unable to satisfactorily facilitate a resolution of their complaints, from filing a lawsuit. Accordingly, we deny the Motion to Intervene.

### *Motion For Order Tolling Statute of Limitations and a Stay*

Plaintiffs also seek an order tolling the statute of limitations for putative class members while they pursue an appeal of our denial of class certification.[1] By law, the unnamed members of the putative class have been protected by the tolling of the statute of limitations during the time class certification was awaiting decision; after the decision was handed down, the statute began to run again. *Culver v. City of Milwaukee,* 277 F.3d 908, 914 (7th Cir. 2002). Plaintiffs also seek a stay of any ruling on the pending summary judgment motions filed by Rolls-Royce as to the claims of each named Plaintiff.

Plaintiffs previously sought a similar stay with respect to any ruling on the pending summary judgment motions until the class certification issues were resolved and Magistrate Judge Magnus-Stinson denied that request. *See* Document #150. We see no

---

[1] Plaintiffs' motion also seeks to toll the statute of limitations while their Motion to Reconsider is pending, but our denial of that motion has mooted that request.

reason to reverse this position simply because plaintiffs have now indicated their intention to appeal the denial of class certification. In our view, delay is prejudicial to everyone connected with this litigation; the case needs to move forward.

The Seventh Circuit has to our knowledge never addressed the propriety of a district court tolling the statute of limitations for unnamed members of a putative class, after an order was entered denying certification of the class and a request to the Court of Appeals seeking permission to file an interlocutory appeal pursuant to Fed.R.Civ.P. 23(f) is anticipated. Rolls-Royce contends that, upon denial of class certification, this court no longer retains personal jurisdiction over the unnamed members of the putative class and, therefore, is not empowered to enter such an order. At least one district court within our circuit has adopted that view, *see Puffer v. Allstate Ins. Co.*, 614 F.Supp.2d 905, 915 (N.D.Ill. 2009), though other district courts not within the Seventh Circuit have tolled statutes of limitations after denying class certification without discussion of any jurisdictional limitations. *See e.g., In re Teflon Products Liability Litigation*, 254 F.R.D. 354, 371 (S.D.Iowa 2008).

We need not explore the interplay between Rule 23 and our continued jurisdiction over absent class members following denial of class certification. There are other good and clear reasons for not tolling the limitations period, regardless of jurisdictional issues. Interlocutory appeals are disfavored in federal jurisprudence, *see Blair v. Equifax Check Services, Inc.*, 181 F.3d 832, 835 (7th Cir. 1999), which suggests some likelihood that the

-10-

Court of Appeals will deny Plaintiffs' attempt to secure appellate review under Rule 23(f). In addition, Seventh Circuit precedent makes clear that the equitable tolling of limitations periods is to be invoked only under extraordinary circumstances. *Arrieta v. Battaglia,* 461 F.3d 861, 867 (7th Cir. 2006); *see also United States v. Marcello,* 212 F.3d 1005, 1010 (7th Cir. 2000)(equitable tolling requires extraordinary circumstances outside the litigant's control). Finally, the recent enactment of the *Lilly Lebetter Fair Pay Act* removed the bar to seeking back-pay awards for gender-based salary inequity limited to a minimum of two years, regardless of when the discriminatory compensation decision or other inequitable act occurred. 42 U.S.C. § 2000e-5(e)(3)(A). Given that Plaintiffs have failed to demonstrate that any of the unnamed class members would face any difficulties or impediments in filing their own individual claims of discrimination, it seems clear that the type of extraordinary circumstance contemplated by the Seventh Circuit warranting a tolling the statute of limitations while Plaintiffs exhaust their appeal rights with respect to the certification issue are not present here. We, therefore, deny Plaintiffs' motion for a stay of the summary judgment rulings as well as a tolling of the statute of limitations.

## *Conclusion*

For the reasons explicated in this order, the Court DENIES Plaintiffs' Motion For Reconsideration (Doc. #227) and Plaintiffs' Motion For An Order Tolling the Statute of

Limitations and Staying Any Disposition On the Merits (Doc. #236). The Court also DENIES the Motion to Intervene (Doc. #228) filed by Barbara Jones and Karen Grovenor.

    IT IS SO ORDERED.

Date: 05/13/2010

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Kevin W. Betz
BETZ & ASSOCIATES
kbetz@betzadvocates.com

Sandra L. Blevins
BETZ & ASSOCIATES
sblevins@betzadvocates.com

Carolyn I. Hahn
SANFORD WITTELS & HEISLER, LLP
chahn@swhlegal.com

Thomas J. Henderson
HENDERSON LAW FIRM PLLC
tjh@hendersonfirm.net

Jamie A. Maddox
BETZ & ASSOCIATES
jmaddox@betzadvocates.com

Felicia Medina
SANFORD WITTELS & HEISLER, LLP
fmedina@nydclaw.com

Hannesson Ignatius Murphy
BARNES & THORNBURG LLP
hmurphy@btlaw.com

Robert Anthony Prather
BARNES & THORNBURG LLP
tony.prather@btlaw.com

David Weissbord Sanford
SANFORD WITTELS & HEISLER LLP
dsanford@nydclaw.com

George A. Stohner
MORGAN LEWIS & BOCKIUS
gstohner@morganlewis.com